UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE ESTATE OF EDWIN CEPHUS THOMAS BY HIS ADMINISTRATRIX CECELIA THOMAS, AND CECELIA THOMAS, Individually,<br><br>    Plaintiffs,<br>  v.<br><br>WAKEFERN FOOD, CORP., ELIAS LONDONO, COSTAMAR LEASING & SRS. CORP., ESTATE OF JENNIFER EDWARDS, BY HER ADMINISTRATRIX, INGRID MOTLEY<br><br>    Defendants. | 3:12-CV-01723 (CSH) |

**ORDER**

**I.    INTRODUCTION**

Plaintiff Cecelia Thomas, both as the Administratrix of the Estate of Edwin Cephus Thomas and individually (hereafter "Plaintiff") has brought a Complaint [Doc. 1] against Defendants for economic and non-economic damages under Conn. Gen. Stat. §§ 52-555 "arising out of Defendants' negligent and careless operation of [a] Tractor Trailer, which resulted in the death of Edwin Thomas and the loss of his consortium to his wife, Cecelia Thomas" *Id.* at ¶1.[1]

---

[1] Connecticut's wrongful death statute, captioned "Actions for injuries resulting in death," states in pertinent part:

> (a) In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and

1

Plaintiff avers that "[o]n or about August 26, 2012 at approximately 5:22am, [Edwin] Thomas was traveling as a passenger in an Acura TL ... owned by [D]efendant [Jennifer] Edwards," who negligently "drove her vehicle northbound on Route 25 in Bridgeport into ... an improperly parked Tractor Trailer owned by [Defendants] Costamar [Leasing & Services Corporation] and/or Wakefern [Food Corporation] and operated by [D]efendant [Elias] Londono," who Plaintiff avers was, at the time of this accident, "an agent, servant, or employee of Wakefern and Costamar and was operating the Trailer within the scope [of] his assignment by Wakefern or at its direction." *Id.* at ¶¶10–12. Plaintiff further avers that "[p]rior to the collision with Edwards' vehicle Lodano did not place warning cones, flares, or florescent triangles to warn approaching vehicles of his Trailer's stationary position," and, moreover, that Lodano had not "turn[ed] off the rear running lights of the Trailer to indicate that the Trailer was stationary and stopped." *Id.* at ¶¶16-17.

In essence, the Complaint alleges that the collision between the moving Edwards vehicle and the parked tractor trailer resulted in the death of Edwin Thomas, a passenger in the Edwards vehicle.

---

> nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of.

Conn. Gen. Stat. §52-555 (a).

Connecticut's loss of consortium statute is captioned, "Actions for loss of consortium re death of spouse independent for determination of damages," and provides:

> Any claim or cause of action for loss of consortium by one spouse with respect to the death of the other spouse shall be separate from and independent of all claims or causes of action for the determination of damages with respect to such death.

Conn. Gen. Stat. § 52-555a.

Two individuals are charged with negligence: the late Jennifer Edwards, who was driving the vehicle in which the late Edwin Thomas was a passenger; and Elias Lodano, the driver of the tractor trailer at the place where the Edwards vehicle struck it.

## II. SUBJECT MATTER JURISDICTION

A federal court has limited jurisdiction pursuant to Article III of the Constitution. In order for this Court to exercise subject matter jurisdiction, either (1) a plaintiff must set forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331;[2] or (2) there must be complete diversity of citizenship between a plaintiff and all defendants and the amount in controversy must exceed $75,000. *Id.* § 1332 (a)(1). *See, e.g., Dymon v. Laffaye*, 2012 WL 774996 at *1 (D. Conn. March 7, 2012).

If subject matter jurisdiction is lacking, dismissal of an action from federal court is mandatory. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See, e.g., Manway Constr. Co. v. Housing Authority of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983). Accordingly, a federal court has the duty reviewing a plaintiff's complaint "at the earliest opportunity" to determine whether there is in fact subject matter jurisdiction. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (court may raise the issue of subject matter jurisdiction *sua sponte* at any time); *see also, e.g., Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("it is well settled that a federal court is obligated to inquire into subject matter

---

[2] As Plaintiff's Complaint sets forth no facts or circumstances that potentially give rise to a federal claim under the Constitution or federal statute, there is no basis for "federal question" jurisdiction pursuant to 28 U.S.C. § 1331.

jurisdiction *sua sponte* whenever it may be lacking").

In her Complaint, Plaintiff alleges that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, *see* [Doc. 1] at ¶7, under which, as noted *supra*, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). Specifically, Plaintiff avers that Defendant Wakefern Food Corporation "is a New Jersey Corporation with its principal place of business" in New Jersey; that Defendant Elias Londono "was and is an individual and an independent commercial trucking operator residing in ... New Jersey"; that Defendant Costamar Leasing & Services Corporation "is a New Jersey Corporation with its principal place of business in ... New Jersey, and is a privately held New Jersey Company owned by Elias Londono"; and that Defendant Jennifer Edwards, who is named in this action through her estate, was served through her estate's administratrix under the state of Connecticut Probate Court for the District of Bridgeport. [Doc. 1] at ¶¶ 3-6.

With respect to Plaintiff's own citizenship, Plaintiff merely states: "Plaintiff, the Estate of Edwin Cephus Thomas, was filed and is currently open in the State of Connecticut Probate Court for the District of Connecticut ... and is brought by its Administratrix, Cecelia Thomas, who at all times relevant to this Complaint, resides in the City of Bridgeport ... and State of Connecticut." *Id.* at ¶ 2.

Several issues arise out of Plaintiff's Complaint that have direct bearing on whether diversity in this matter exists under 28 U.S.C. § 1332(a) and, consequently, whether this Court possesses subject matter jurisdiction. In short, Plaintiff's Complaint does not establish diversity among the

parties, and the citizenship of all parties to this action must be confirmed in order for the Court to make a determination of its subject matter jurisdiction.

As an initial matter, an individual's citizenship for diversity purposes is determined by his or her *domicile*, which is defined as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). In assessing diversity, a court must be apprised of the location where a plaintiff and each defendant was *domiciled* at the time an action was filed, and not merely of a party's *residence*.[3] Accordingly Plaintiff's assertion that, for example, Defendant Londono "was and is an individual ... *residing* in ... New Jersey," [Doc. 1] at ¶ 4, is simply insufficient to establish Defendant Londono's *citizenship* for purposes of this Court's subject matter jurisdiction under 28 U.S.C. § 1332(a).

The distinction between a party's residence and domicile is straightforward. "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation," which is to say, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983); *see also, e.g., Palazzo v. Corio*, 232 F.3d at 42. In contrast,

---

[3] *See, e.g., Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) (to determine diversity jurisdiction "it must be determined whether *at the time the present action was commenced* there was diversity jurisdiction") (emphasis added). For diversity purposes, an individual's citizenship is determined by his or her domicile. *Id*. ("Accordingly, it must be determined whether at the time the present action was commenced there was diversity jurisdiction, that is, whether [defendant] was a citizen of— *i.e.*, domiciled in, *see, e.g., Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915); *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998)—a state other than the state in which [plaintiff corporation] was incorporated and the state in which it had its principal place of business, see 28 U.S.C. § 1332(c)(1), and whether the amount in controversy "exceeds ... $75,000, exclusive of interest and costs," *id.* § 1332(a).).

"residency" occurs "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. at 331. A "residency," therefore, may be taken up for personal or business reasons and may be either permanent *or* solely for a period of time. *Id.* The test for an individual's residency is thus significantly less stringent than the "more rigorous domicile test." *Id.*[4] Thus "a statement of residence, unlike domicile, tells the court only where the parties are *living* and not of which state they are *citizens*." *John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (emphasis added). Thus it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).

Moreover, because Plaintiff has brought her action both as administratrix for her husband's estate *and* in her individual capacity, in addition to establishing her own domicile, which is entirely unaddressed in the Complaint, she must establish the citizenship of her late husband. This is because for purposes of diversity jurisdiction, the administratrix of an estate has the *same citizenship as the decedent*. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"); *see also Truck-A-Tune, Inc. v. Re*, 856 F. Supp. 77, 80 (D. Conn. 1993).[5] Plaintiff's Complaint does not state her husband's domicile

---

[4] Given that "one can *reside* in one place but be *domiciled* in another," for jurisdictional purposes, the term "'[d]omicile' is not necessarily synonymous with [the term] 'residence.'" *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted). For the reasons explicated *supra*, a court may not and cannot simply infer a party's citizenship, or domicile, from assertions concerning a party's residence. *See, e.g., Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399 (1925).

[5] The Court notes that Plaintiff has not explicitly designated in which capacity Plaintiff brings each Count of the Complaint (*i.e.*, individual and/or as administratrix). It is likely,

at the time of his death, although the Court notes that his estate "was filed and is currently open in the State of Connecticut Probate Court for the District of Connecticut." [Doc. 1] at ¶ 2.[6]

As for the two corporate defendants, Wakefern and Costamar, the Complaint sufficiently alleges that they are citizens of New Jersey, since they are both described as having been incorporated under the laws of that state and maintaining their principal places of business there. *See* 28 U.S.C. § 1332(c)(1).

However, in order for diversity of citizenship to be complete under 28 U.S.C. § 1332, *a plaintiff's citizenship must be diverse from that of all defendants in an action. See, e.g., St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). "In an action in which jurisdiction is premised on diversity of citizenship, [such] diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002). Therefore the Court notes that, among other scenarios involving the possible citizenships held by parties to this action, if both Plaintiff's decedent Edwin Thomas and Defendant Jennifer Edwards were citizens of Connecticut at the times of their deaths – a question which Plaintiff's Complaint has not sufficiently

---

however (and the language contained within the Counts suggests), that Plaintiff brings her wrongful death claim in her representative capacity and her consortium claim in her individual capacity. *Compare, e.g.*, *Isaac v. Mount Sinai Hospital*, 210 Conn. 721, 725-726 (1989) ("(S)tanding to bring a wrongful death action is . . . conferred only upon an executor or an administrator."); *with Estate of Glorioso v. Town of Burlington Police Dept.*, No. X01CV020168481S. 35 Conn. L. Rptr. 451, 2003 WL 22205972, *4 (Conn. Super. Ct. Sept. 9, 2003) (plaintiff lacked standing to assert loss of consortium claim because she brought suit in representative rather than individual capacity).

[6] For the same reasons, the domicile of decedent Defendant Jennifer Edwards must be established in order to establish diversity.

7

addressed – diversity will be incomplete and consequently neither this nor any other federal Court will have subject matter jurisdiction.

### III. <u>CONCLUSION</u>

The Complaint's references to Connecticut probate court administrations of the estates of both Edwin Thomas and Jennifer Edwards give rise to a presumption that federal diversity jurisdiction does not and cannot exist in this case. One may reasonably infer that at the times of their deaths, which antedated the Complaint, Edwin Thomas and Jennifer Edwards were both citizens of Connecticut. Those decedents' estates, and its administrators, take upon themselves the citizenship of the decedents themselves. If both decedents were citizens of Connecticut, then one of the plaintiffs (the Thomas estate) and one of the defendants (the Edwards estate) are both citizens of Connecticut, and the requisite complete diversity of citizenship among parties cannot be shown.[7]

Plaintiff may rebut the inference that complete diversity does not exist if she can present admissible evidence sufficient to show (1) that at the times of their deaths, Edwin Thomas and Jennifer Edwards were citizens of different states; and (2) that Edwin Thomas was not a citizen of the state of New Jersey.

Plaintiff is directed to submit such evidence to the Court not later than January 25, 2013, failing which the Court will dismiss this action for lack of subject matter jurisdiction. In that circumstance, it would become apparent that the estates of Edwin Thomas and Jennifer Edwards are

---

[7] The same would be true even if Edwin Thomas had not been domiciled in the state of Connecticut at the time of his death, *but* Plaintiff Cecelia Thomas, who is bringing suit in her individual capacity as well as in her capacity as administratrix of Edwin Thomas's estate, *had* been domiciled in Connecticut at the time the present action was commenced *if* Jennifer Edwards had also been domiciled in Connecticut at the time of her death.

both citizens of Connecticut, thereby destroying the requisite complete diversity of citizenship among the parties. The order of dismissal would be marked "without prejudice" since the Court, being without subject matter jurisdiction, would not have reached the merits of the case, and plaintiffs must be free to assert their claims in a state court of competent jurisdiction.

Alternatively, at any time prior to January 25, 2013 Plaintiff may file a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1), which dismissal would also be without prejudice.

If the citizenship of the decedent estates does not preclude diversity jurisdiction, the case may proceed in this Court, subject to Plaintiff alleging facts sufficient to establish the citizenship of Plaintiff Cecilia Thomas (suing in her own right) and Defendant Elias Londono. The present Complaint does no more than allege these individuals' residences, which is insufficient for diversity jurisdiction purposes.

The foregoing is SO ORDERED.


Dated: New Haven, Connecticut
       December 13, 2012


                                                /s/Charles S. Haight, Jr.
                                                Charles S. Haight, Jr.
                                                Senior United States District Judge